THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES WILLIAM COSTILOW,<br><br>Defendant. | **Memorandum Decision and Order Denying Motion to Reduce Sentence**<br><br>Case No. 4:20-cr-00109-DN<br><br>District Judge David Nuffer |

Defendant James William Costilow ("Costilow") filed his pro se Motion for Modification of Sentence ("Motion"),[1] seeking a sentence reduction to time served. Costilow seeks the reduction (1) based on his post-conviction rehabilitation, and (2) based on a prison facility lockdown which prevents him from taking programming that could lower his recidivism risk level and allow him to apply earned time credits.[2] The government filed the United States' Opposition to Defendant's Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(1)(A) ("Opposition").[3]

"Upon motion of . . . the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that-- (1)(A) Extraordinary and compelling reasons warrant the reduction . . . ."[4] Because Costilow's reasons for a sentence reduction are not extraordinary and compelling, the Motion is DENIED.

---

[1] Docket no. 450, filed December 26, 2024.

[2] Motion at 2-3.

[3] Docket no. 462, filed April 22, 2025.

[4] U.S.S.G. 1B1.13.

The sentencing guidelines specifically provide that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason" to grant a reduction in a term of imprisonment.[5] While Costilow's efforts and plans for the Blue Collar Academy are commendable and he is encouraged to continue his efforts to find productive ways to benefit himself and his community, this is not a sufficient basis to grant the Motion.

Additionally, Costilow's inability to participate in programming that could facilitate an earlier release is not an extraordinary or compelling reason to reduce his sentence because "general conditions that affect inmates indiscriminately throughout the prison are insufficient to support an individual defendant's claim for compassionate release."[6] Additionally, the challenge Costilow brings about earned time credits is more appropriated suited to a petition under 28 U.S.C. § 2241, and even if considered, would not amount to an extraordinary and compelling circumstance to justify granting this Motion.[7] Even when considered in combination, Costilow's reasons for seeking a sentence reduction are not extraordinary and compelling as would justify a reduction in sentence.

---

[5] U.S.S.G. 1B1.13.

[6] *United States v. Samal*, No. CR18-0214JLR, 2023 WL 2579887, at *4 (W.D. Wash. Mar. 16, 2023); *United States v. Suryan*, No. 2:19-CR-00082-RAJ, 2021 WL 3510423, at *3 (W.D. Wash. Aug. 10, 2021) (noting that difficulties resulting from lockdowns including reduced participation is programming is "challenging," but does "not present an extraordinary and compelling reason to warrant . . . early release.").

[7] *Samal*, 2023 WL 2579887, at *6 ("Even if the court were to consider Mr. Samal's challenge to BOP's calculation of his First Step Act earned time credits and determination of his eligibility for home confinement as a basis for compassionate release, the court concludes that such arguments do not constitute 'extraordinary and compelling' reasons warranting compassionate release.").

IT IS HEREBY ORDERED that the Motion[8] is DENIED.

Signed May 9, 2025.

BY THE COURT

David Nuffer
United States District Judge

---

[8] Docket no. 450, filed December 26, 2024.