THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES WILLIAM COSTILOW,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO REVIEW SUPERVISED RELEASE CONDITIONS AND END THE CURFEW CONDITIONS**<br><br>Case No. 4:20-cr-00109-DN<br><br>District Judge David Nuffer |

Defendant James Costilow moves for review of his Supervised Release Conditions and End the Curfew Conditions ("Motion").[1] Mr. Costilow was sentenced to a term of three years supervised release following his conviction for Conspiracy to Commit Bank Theft.[2] Mr. Costilow's term of supervised release began on February 25, 2026, and is scheduled to end on February 25, 2029.[3]

Mr. Costilow argues curfew modification is appropriate because:

(1)     Mr. Costilow is employed as a master plumber in his family business;[4]

(2)     Mr. Costilow must drive all over Southern California, with heavy traffic and unexpected delays, to do his job;[5]

---

[1] Motion to Review Supervised Release Conditions and End the Curfew Conditions ("Motion"), docket no. 466, filed May 29, 2026.

[2] United States' Opposition to Defendant's Motion to Review Supervised Release Conditions and End the Curfew Condition ("Opposition"), docket no. 468, filed June 5, 2026.

[3] *Id*. at 2.

[4] Motion at 1.

[5] *Id*. at 2.

(3)    "The Supervised Release component of [Mr. Costilow's] sentence is designed to keep society safe while [Mr. Costilow] integrates into it but it also should assist [Mr. Costilow] in that reentry into law abiding society,"[6]

Mr. Costilow has shared that he has been a master plumber for over 20 years, but he has had to abandon jobs to comply with the curfew requirements.[7] "The curfew [sic] has created an encumbrance on [Mr. Costilow's] ability to be a valuable employee."[8]

The Probation Office and the United States Attorney's Office are unanimous in opposing modification of Mr. Costilow's curfew.[9] "[Mr. Costilow] has been on supervised release in this case for a just over three months, so it's fair to say that his term of supervised release has only just begun."[10] The United States asserts that Mr. Costilow has an extensive criminal background and a record of violating court imposed curfew:

> [Mr. Costilow] has an extensive criminal history, including but not limited to these two federal convictions for conspiring to commit bank theft, both of which he served significant periods of BOP incarceration. [Mr. Costilow] committed the underlying offense in this case while on supervision for the prior similar offense of conspiracy to commit bank theft.

In his Reply, Mr. Costilow acknowledges the United States' argument[11] and alters his requested relief from full removal of the curfew condition[12] to a modification of "the curfew condition of [Mr. Costilow's] Supervised Release to the hours of 6:00 a.m. to 9:00 p.m."[13]

---

[6] Reply to Opposition Response to Defendant's Motion to Review Supervised Release Conditions and End the Curfew Condition ("Reply"), docket no. 469, filed June 6, 2026.

[7] *Id*.

[8] Motion at 2.

[9] Opposition at 4.

[10] *Id*. at 4.

[11] Reply at 1.

[12] Motion at 2.

[13] Reply at 2.

Seeing as Mr. Costilow's Supervised Release has just begun, coupled with his history of violating his conditions of curfew, modification of curfew is inappropriate at this time. These conditions were not imposed arbitrarily, and they will not be abandoned lightly. Furthermore, counsel for Mr. Costilow raises neither a compelling factual argument nor binding case law, persuasive or otherwise, that would warrant departure from the conditions already imposed. A defendant with a history of violating curfew must learn to respect it before it can be modified. "The 'help' a further supervised release sentence provides to a defendant who has once violated supervised release is that he learn to obey the conditions of his supervised release—in other words, that he learn to respect the law."[14]

Mr. Costilow is permitted to re-new this Motion when he is able to demonstrate a substantial term of compliance with his current conditions of curfew.

### ORDER

IT IS HEREBY ORDERED that Mr. Costilow's Motion to Review Supervised Release Conditions and End the Curfew Conditions[15] is DENIED WITHOUT PREJUDICE.

Signed June 17, 2026.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[14] *United States v. Lewis*, 498 F.3d 393, 400 (6th Cir. 2007), *abrogated by Esteras v. United States*, 606 U.S. 185, 145 S. Ct. 2031, 222 L. Ed. 2d 438 (2025)

[15] 15 Motion to Review Supervised Release Conditions and End the Curfew Conditions, docket no. 466, filed May 29, 2026.